UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-24519-Civ-TORRES

MARIA C. RAMOS,

    Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social
Security Administration,

    Defendant.
_____/

**ORDER ON THE PARTIES'
CROSS MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on the parties' cross motions for summary judgment filed by Maria C. Ramos ("Plaintiff") [D.E. 23] and Andrew Saul, the Commissioner of the Social Security Administration ("Defendant" or the "Government") [D.E. 24] on whether the Administrative Law Judge (the "ALJ") was an appointed officer as required under the United Constitution.[1]  Under the limited standard of review that governs this case, Plaintiff's motion for summary judgment [D.E. 23] is **DENIED**, Defendant's motion for summary judgment [D.E. 24] is **GRANTED**, and the ALJ's decision is **AFFIRMED**.

---

[1] On November 1, 2019, the parties consented to the jurisdiction of the undersigned Magistrate Judge for disposition.   [D.E. 14].

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was born on January 20, 1956 and alleges that she has been disabled since January 1, 2012. On October 13, 2013 and May 5, 2016, Plaintiff filed an application for Social Security benefits because she has been unable to work due to obesity, diabetes, and osteoarthritis. The Social Security Agency denied Plaintiff's application at the initial and reconsideration levels. Plaintiff then requested a hearing before an ALJ that took place on August 8, 2016.

The ALJ issued an unfavorable decision on August 23, 2016. Plaintiff later filed a request for review with the Appeals Council the ("AC") and the AC remanded the back to the ALJ. A second hearing then took place on December 19, 2017 and the ALJ issued a second decision on April 19, 2018, finding again that Plaintiff was not disabled.

The ALJ found at step one of the sequential process that Plaintiff had not engaged in substantial benefit activity since January 1, 2012. At step two, the ALJ determined that Plaintiff had the severe impairments of obesity, diabetes, osteoarthritis, bilateral knee osteoarthritis, and degenerative disc of the lumbar spine. The ALJ found, however, at step three that Plaintiff did not have an impairment that met or medically equaled a listed impairment. As part of the analysis that followed, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform:

> [L]ight work as defined in 20 CFR 416.967(b) and 416.967(b) except the claimant can stand and/or walk for about 4 hours and sit for up to 6 hours in an 8-houe workday, with normal breaks. She can never climb adders, ropes or scaffolds. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can occasionally be exposed to extreme cold, vibration, and hazards. The claimant may use a cane to ambulate to get to and from the workstation.

[D.E. 13 at 39].

Proceeding to step four, the ALJ evaluated the medical evidence in the record and determined that Plaintiff could perform prior work as a file clerk. The ALJ did not make an alternative step five finding. Following the ALJ's unfavorable decision, Plaintiff requested further review, but the Appeals Council denied that request. Plaintiff then filed this action seeking judicial review of the administrative proceedings pursuant to 42 U.S.C. § 405(g). Accordingly, this action is now ripe for disposition.

## II.     STANDARD OF REVIEW

Judicial review of an ALJ's final decision is limited to an inquiry into whether there is substantial evidence in the record to support the ALJ's findings, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Kelley v. Apfel*, 185 F.3d 1211, 1212 (11th Cir. 1999). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing *Richardson*, 402 U.S. at 401); *see also Miles v. Chater*, 84

F.3d 1397, 1400 (11th Cir. 1996)).

In testing for substantial evidence, the court is not to "reweigh the evidence" or "decide the facts anew." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citing another case). Instead, so long as the ALJ's findings are supported by substantial evidence, they are conclusive, and we must defer to the ALJ's decision even if the evidence may preponderate against it. *See Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158-59 (11th Cir. 2004); *see also Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) ("In determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings."); *Miles,* 84 F.3d at 1400; 42 U.S.C. § 405(g). However, no presumption of validity attaches to the Commissioner's conclusions of law. *See Brown v. Sullivan,* 921 F.2d 1233, 1236 (11th Cir. 1991). The Court also reviews the ALJ's decision to determine whether the correct legal standards were applied. *See Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir. 1997). In this respect, "the ALJ has a basic obligation to develop a full and fair record," as a hearing before an ALJ is not an adversary proceeding. *Id.* (citing another source).

Ultimately, it is the function of the Commissioner to resolve conflicts in the evidence and to assess the credibility of the witnesses. *See Grant v. Richardson,* 445 F.2d 656 (5th Cir. 1971). It is also the responsibility of the Commissioner to draw inferences from the evidence, and those inferences cannot be overturned if they are supported by substantial evidence. *See Celebrezze v. O'Brient,* 323 F.2d 989, 990 (5th Cir. 1963). In determining whether the Commissioner's decision is supported

by substantial evidence, a court is not to re-weigh the evidence anew. Rather, a court is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. If a decision is supported by substantial evidence, we must affirm even if the proof preponderates against it. Therefore, a court's responsibility is to ensure that the proper legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

### III.  ANALYSIS

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or is expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of producing evidence that proves he or she meets this statutory definition. "The social security regulations establish a five-step evaluation process, which is used to determine disability for both SSI and DIB claims" and "[t]hese regulations place[] a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Spencer v. Heckler,* 765 F.2d 1090, 1093 (11th Cir. 1985)). The steps are followed in order to determine if the claimant is disabled. "If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (internal quotation

and citation omitted).

The ALJ must first determine whether the claimant is presently employed. If so, a finding of non-disability is made and the inquiry ends. *See* 20 C.F.R. § 404.1520(b). In the second step, the ALJ must determine whether the claimant suffers from a severe impairment or combination of impairments. If the ALJ does not make such a finding, then the inquiry ends. *See* 20 C.F.R. § 404.1520(c). At step three, the ALJ compares the claimant's impairments with specific impairments under the regulations that require a finding of disability without further inquiry into the claimant's ability to perform other work. *See Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985) ("Certain impairments are so severe either when considered alone or in conjunction with other impairments that, if such impairments are proved, the regulations require a finding of disability without further inquiry into the claimant's ability to work."). If the claimant's impairment meets or equals a listed impairment, the claimant's disability is presumed, and benefits are awarded. *See* 20 C.F.R. § 404.1520(d).

Step four involves a determination of whether the impairments prevent the claimant from performing past relevant work. If the claimant cannot perform past relevant work, then a prima facie case of disability is established. The ALJ assesses a claimant's RFC at this stage, based on all of the other relevant evidence, to determine the extent of a claimant's ability to work despite the alleged impairments. *See* 20 C.F.R. § 416.945(a)(1). A claimant's RFC is an administrative finding of fact concerning the claimant's maximum remaining

capacity to perform work-related physical and mental activities on a regular and continuing basis despite the functional limitations and environmental restrictions imposed by his or her medically determinable impairment(s).  *See* 20 C.F.R. § 404.1545 ("Residual functional capacity assessment.  Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting.  Your residual functional capacity is the most you can still do despite your limitations.").

When making this finding, the ALJ is required to identify the limitations and/or restrictions imposed by the claimant's impairments and then assess his or her work-related abilities on a function-by-function basis.  Only upon the conclusion of this function-by-function analysis may an ALJ express a claimant's RFC in terms of the exertional levels of work, i.e., sedentary, light, medium, heavy, and very heavy. This leads to step five – the final inquiry – where the burden shifts to the Commissioner to show that there is other work available in the national economy that the claimant can perform.  *See* 20 C.F.R. § 404.1520(e)-(f).

Plaintiff raises only one challenge on appeal with respect to the unfavorable decision in that the ALJ and the Appeals Council were unauthorized to act as administrative judges in this case because they were not appointed in a method permissible for officers of the United States.  Plaintiff relies primarily on the U.S. Supreme Court's decision in *Lucia v. SEC*, 138 S. Ct. 2044, 2051 (2018), where the Court held that ALJs employed with the Securities and Exchange Commission ("SEC") are officers of the United States and are subject to the Appointments

Clause.² Plaintiff claims that the ALJ's decision cannot stand because other staff members – as opposed to the Commissioner – selected the administrative judges in this case and that the Commissioner did not approve of these appointments until July 16, 2018. Plaintiff also states that she timely raised this issue on September 22, 2016, but that the Appeals Council ignored that argument and remanded this case back to the same ALJ. Because all of the administrative judges, including the one in this case, issued decisions without having been appointed in a manner permissible under the Appointments Clause, Plaintiff concludes that the ALJ's decision must be reversed and remanded to the Commissioner for a new hearing.

The Government's response is that Plaintiff's motion is feeble because this is the first time that she has ever raised this argument. Although Plaintiff contends that she raised it in the administrative proceedings, the Government states that she fails to point to anything in the record where she did so and that her failure to raise it forfeits her claim. Instead, the Government asserts that Plaintiff only stated in the underlying proceedings that her requests for review were "presented without waiver of any other contentions under the Appeals Council's optional procedures for submitting arguments in this non-adversary fact-finding proceeding." [Tr. at 423, 516, 518, 557]. The Government takes issue with this catchall statement because it lacks any specificity as to what Plaintiff sought to challenge. Because this objection is insufficient to put anyone on notice that Plaintiff sought to challenge the

---

² Pursuant to the Appointments Clause of the United States Constitution, "Officers of the United States" may only be appointed by the President, "Courts of Law," or "Heads of Departments." U.S. CONST. Art. II., § 2, cl. 2.

8

appointment of the administrative judges and *Lucia* requires that a claimant make a "timely challenge to the constitutional validity of [an] appointment", the Government reasons that ALJ's decision must be affirmed. *Lucia*, 138 S. Ct. at 2055) (citing *Ryder v. United States,* 515 U.S. 177, 182–183 (1995)).

We begin with a brief review of the Supreme Court's decision in *Lucia*. There, the Supreme Court addressed an Appointments Clause challenge to an ALJ appointed by the Securities and Exchange Commission. *Lucia*, 138 S. Ct. at 2049-50. Lucia faced charges of misleading investors in connection with the sale of retirement products. *Id.* at 2050. During the administrative hearing that followed, the SEC ALJ found that Lucia's products were, in fact, misleading, required Lucia to pay substantial fines, and permanently banned Lucia from working in the investment industry. *Id.* Lucia appealed the ALJ's unfavorable decision to the SEC, arguing that the ALJ had not been properly appointed under the Appointments Clause. *Id.*

After losing that appeal, Lucia sued in federal court, challenging the penalties imposed by the SEC ALJ and reiterating his earlier Appointments Clause argument. *Id.* The D.C. Circuit Court of Appeals denied the challenge. Thereafter, the Supreme Court heard the case, reversed the decision, and remanded the case so that Lucia's agency appeal could be heard by a different ALJ who had been properly appointed under the Appointments Clause. *Id.* at 2055. The Supreme Court in *Lucia* did not specifically address the constitutionality of the appointment of ALJs working for other federal agencies, including the Social Security Administration

9

("SSA"). Nonetheless, following *Lucia*, Social Security claimants – like the one in this case – have challenged the status of SSA ALJs under the Appointments Clause. *See, e.g., Gagliardi v. Social Security Administration*, No. 0:18-CV-62106, at ECF No. 35 (S.D. Fla. Jan. 17, 2020), *report and recommendation adopted*, No. 0:18-CV-62106, at ECF No. 38 (S.D. Fla. Feb. 28, 2020) (appeal filed Feb. 28, 2020).

Plaintiff makes the same argument here in that *Lucia* applies to Social Security ALJs, requiring this Court to vacate the current ALJ's Decision and remand the case to a different ALJ appointed in accordance with the Appointments Clause.[3] Plaintiff's motion lacks merit because, long before *Lucia*, there has been a well-established principle that Appointments Clause challenges must be timely made before an ALJ renders a decision. Indeed, in *Ryder v. United States,* the Supreme Court found that a claimant must make "a timely challenge to the constitutional validity of the appointment of an officer who adjudicates [her] case is entitled to a decision on the merits," because otherwise there would be "a disincentive to raise Appointments Clause challenges with respect to questionable judicial appointments." 515 U.S. at 182-83. Moreover, "regularly permitting

---

[3]   We note that the Supreme Court in *Lucia* did not make a blanket finding that all ALJs are subject to the Appointments Clause, but only those ALJs working for the SEC. At the time of the Supreme Court's decision, the SEC had only five ALJs, *see Lucia*, 138 S. Ct. at 2049, whereas there are over 1,700 SSA ALJs. The SSA conducts hundreds of thousands of hearings and adjudicates hundreds of thousands of disability claims each year. If courts were to apply *Lucia* to Social Security cases as Plaintiff argues this Court should, millions of cases would need be remanded for rehearing to a different ALJ. Given these important efficiency concerns and the Supreme Court's specific findings in *Lucia*, the Court is skeptical that *Lucia* is even controlling as to SSA ALJs.

unsuccessful claimants to raise [Appointments Clause] challenges for the first time on judicial review would encourage the practice of 'sandbagging:' suggesting or permitting, for strategic reasons, that the [adjudicative entity] pursue a certain course, and later – if the outcome is unfavorable – claiming that the course followed was reversible error." *Muhammad v. Berryhill*, 381 F. Supp. 3d 462, 469-70 (E.D. Pa. 2019) (quoting *Freytag v. Comm'r,* 501 U.S. 868, 895 (1991)); *see also Gutierrez v. Berryhill*, 2019 WL 2240602, at *4 (D. Mont. May 24, 2019) (concluding that failure to raise an Appointments Clause objection during claimant's administrative proceedings precludes claimant from raising the issue on judicial review).

Against this backdrop, Plaintiff has forfeited her Appointments Clause challenge because she did not present this issue during the administrative proceedings. This is a position that federal courts have consistently adopted because an Appointments Clause challenge must be raised *before* an ALJ's decision becomes final at the administrative level. *See, e.g., Perez v. Berryhill*, 2019 WL 1405642, at *4 (S.D. Fla. Mar. 28, 2019) (rejecting as untimely claimant's Appointments Clause argument raised for the first time before the district court) (relying on *Lucia*, 138 S. Ct. at 2055 and *Ryder*, 515 U.S. at 182-83); *Parker v. Berryhill*, 2019 WL 3097511, at *10-11 (S.D. Fla. July 15, 2019) (rejecting same argument, explaining that "[a]lthough the Eleventh Circuit has yet to decide this issue, the courts within this circuit have held that an Appointments Clause challenge, in the context of social security disability proceedings, is nonjurisdictional and must be raised at the administrative level"); *Lopez v. Berryhill*, 2019 WL

1429632, at *5-7 (S.D. Fla. Mar. 29, 2019) (explaining that if plaintiff "truly wished to raise an Appointments Clause challenge, *Lucia* and *Ryder* require[d] her to have done so either during the proceedings before [the] ALJ . . . or to the Appeals' Council after the ALJ issued his decision").[4]

To the extent Plaintiff suggests that she failed to raise such a challenge because the *Lucia* decision was rendered on June 21, 2018 and the ALJ's decision was determined two months earlier on April 19, 2018, both *Ryder* and *Lucia* are fatal to this argument. In *Ryder*, the petitioner – a member of the United States Coast Guard – challenged his conviction by court martial. *See Ryder*, 515 U.S. at 179. He appealed the conviction to the Coast Guard's Court of Military Review, raising an Appointments Clause challenge to the composition of the issuing court. *Id.* at 179. After the Court of Military Review rejected his Appointments Clause challenge and largely affirmed his conviction, Ryder appealed to the United States Court of Military Appeals, which agreed that two of the three judges on the Court of Military Review panel had been appointed in violation of the Appointments Clause. The administrative appeals court nevertheless affirmed Ryder's conviction, ruling

---

[4] *See also Jones v. Berryhill*, 2019 WL 2583157, at *7-8 (N.D. Fla. June 21, 2019) (finding that claimant forfeited her Appointments Clause challenge by failing to raise it at any point during the administrative process, and commenting that "post-*Sims* cases have found that although *Sims* held that a Plaintiff need not exhaust an issue before the Appeals Council, the Court 'specifically left open the question of whether an issue is waived if it is not raised in the administrative hearing' "); *Valle-Roman v. Comm'r of Soc. Sec.*, 2019 WL 1281171, at *2 (M.D. Fla. Mar. 20, 2019) (holding that plaintiff's failure to raise Appointments Clause issue at the administrative level is "fatal" to her claim because "[a]ny challenge to the constitutional validity of the ALJ's appointment that was not first raised at the administrative level is rejected as untimely").

12

the actions of these judges were *de facto* valid. *Id.* at 179-80. The Supreme Court reversed, finding that the lower court erred when it accorded "*de facto* validity to the actions of the civilian judges of the Court Guard Court of Military Review." *Id.* at 188. In doing so, the Court took note that "petitioner challenged the composition of the Coast Guard Court of Military Review while his case was pending before that court on direct review" and "raised his objection to the judges' titles before those very judges and prior to their action on his case." Thus, in *Ryder* – which pre-dated *Lucia* by more than twenty years – the petitioner challenged the appointment of the military officers in the administrative proceedings, just as Plaintiff was free to do here.

Likewise, in *Lucia*, the Court held that the petitioner had raised a "timely" challenge to the appointment of the ALJ who heard his case because he first raised the issue during the administrative proceedings that took place before the SEC. *Lucia*, 138 S.Ct. at 2055. Lucia then re-asserted the claim to both the federal appellate court and the Supreme Court on appeal. *Id.* Therefore, the petitioners in *Ryder* and *Lucia* both raised their Appointments Clause challenges at the administrative level, before the very "entities utilizing the deficiently appointed official or officials." *Abington v. Berryhill*, 2018 WL 6571208, at *2 (S.D. Ala. Dec. 13, 2018). The impact of the timing of the *Lucia* decision was not the determining factor in both of those cases, so Plaintiff's argument must be rejected here.

As a final attempt to overturn the ALJ's decision, Plaintiff suggests that she raised a boilerplate objection during the administrative proceedings and that any

13

arguments that could have been raised were preserved for further review. This too is a weak argument because it is entirely unclear how Plaintiff raised an issue with Appointments Clause if she only did so with a boilerplate, vague, and conclusory objection. Indeed, the statement she made gave no indication that she ever took issue with the appointment of any administrative judge and she cannot, in retrospect, try to fit this issue into a catchall objection now that the ALJ has found her not disabled. If the rule was that simple, any claimant could make a catchall objection, lose the underlying proceedings, and then develop new arguments on appeal with the hope of overturning an ALJ's decision. Plaintiff's objection is akin to no objection at all because it fails to give any notice to the Government, the ALJ, or the Appeals Council that this was an issue during the administrative proceedings. *See Alacare Home Health Servs., Inc. v. Sullivan*, 891 F.2d 850, 855 n.5 (11th Cir. 1990) ("[T]he government responds correctly by stating that an argument not raised in an administrative hearing cannot be raised on appeal.") (citing *United States v. Tucker Truck Lines*, 344 U.S. 33, 35-36 (1952); *Beale v. Blount*, 461 F.2d 1133, 1140 (5th Cir. 1972) (appellant could not allege that disciplinary dismissal was due to race where he did not raise this claim at administrative level)).

Because Plaintiff has failed to identify a single case that has allowed a claimant to rely on a vague objection to preserve an argument that should have been presented before an ALJ and Plaintiff has otherwise failed to timely present this contention during the underlying proceedings, Plaintiff's motion for summary judgment [D.E. 23] is **DENIED**, Defendant's motion for summary judgment [D.E.

24] is **GRANTED**, and the ALJ's decision is **AFFIRMED**.[5]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [D.E. 23] is **DENIED**, Defendant's motion for summary judgment [D.E. 24] is **GRANTED**, and the ALJ's decision is **AFFIRMED**. Judgment is entered in favor of the Government, and this action is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of August, 2020.

/s/ Edwin G. Torres
EDWIN G. TORRES
United States Magistrate Judge

---

[5] Plaintiff does not challenge any other component of the ALJ's decision and therefore any argument not raised is deemed waived for purposes of this appeal. *See, e.g.*, *Robinson v. Astrue*, 235 F. App'x 725 (11th Cir. 2007) (holding claimant waived argument that ALJ failed to fully develop record when that argument was not raised in the district court); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318-19 (11th Cir. 2012) (explaining that a party waives an argument not raised in his appeal brief and that a passing reference to an issue is insufficient to preserve the issue).